IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DRAKE JORDAN FINCH, §
TDCJ-CID No. 01985702, §
 §
Plaintiff, §
 §
v. § 2:18-CV-101-Z-BR
 §
NFN MARTIN, *et al.*, §
 §
Defendants. §

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed May 22, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. On October 29, 2020, the Court ordered the Attorney General to submit a Martinez Report containing TDCJ records. *See* ECF No. 12. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### BACKGROUND

On April 30, 2018, Plaintiff was handcuffed and removed from his cell to allow TDCJ officers to search his cell. *See* ECF No. 3, at 6. Plaintiff alleges that when he complained that his handcuffs were too tight, he was slammed face down onto the ground, where two TDCJ officers sat on him. *See id.* Plaintiff received a facial laceration as a result of the use of force. *See* ECF No. 14-2, at 30. Plaintiff alleges excessive force was used in violation of the Eighth Amendment. ECF

No. 3, at 6. Further, Plaintiff claims that supervisors on the unit failed to take remedial measures. *Id.*

The Court ordered TDCJ to submit all records and video pertaining to the April 30, 2018 use of force incident. *See* ECF No. 12. The records indicate that Plaintiff was found guilty of attempted assault on an officer for attempting to head butt the officer who placed the handcuffs on him before exiting his cell. *See* ECF No. 16, at 19. Plaintiff seeks monetary damages. ECF No. 3, at 6.

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

## ANALYSIS

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a conviction includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff complains that Defendants used excessive force against him on April 30, 2018. ECF No. 3, at 6. However, as evidenced by the Martinez Report, Plaintiff was convicted of disciplinary charges, including attempted assault on an officer, in connection with the April 30, 2018 incident in which the complained of force was used, and he lost 360 days of good-time credit as a result of the conviction. ECF No. 16, at 19. Plaintiff has not asserted that the conviction has been overturned or that any exception to the *Heck* bar applies.

Plaintiff's excessive-force claim would, if true, necessarily implicate the validity of his disciplinary conviction. Because Plaintiff's conviction has not been overturned, his civil rights claims against the Defendants are barred by *Heck*. *See Edwards*, 520 U.S. at 647–48; *see also*

3

*Hudson v. Hughes*, 98 F.3d 868, 872–73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer); *Donnelly v. Darby*, 81 Fed. Appx. 823, 2003 WL 22794388 (5th Cir. 2003) (unpublished per curium) (rejecting excessive force claims from a state prisoner who received a disciplinary conviction arising from the same incident); *Powell v. Maddox*, 81 Fed. Appx. 476, 2003 WL 22734607 (5th Cir. 2003) (unpublished per curium) (same).

Because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983, the Complaint must be dismissed as frivolous until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are 'dismissed with prejudice to their being asserted again until the *Heck* conditions are met').

Plaintiff's claims against the remaining Defendants must be dismissed. In Section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly

resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Here, Plaintiff's claim of excessive force is barred as frivolous until the *Heck* conditions are met; thus, he has no claim for supervisory liability for failure to train or for implementation of an unconstitutional policy.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice as frivolous until the *Heck* conditions are met.

**SO ORDERED.**

May 5, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5